## Steinmetz et al. v. Smullen et al., Appellants.

*Practice, C. P.—Pleading—Defense—Sale of real estate—Agent —Evidence—Charge—Appeals.*

Where defendants set up a certain defense in their pleadings, to wit, purchase of real estate by agent, and it is fairly submitted to the jury, they cannot, after a verdict against them, claim, on appeal, that the court erred in not submitting another defense which was not raised by the pleadings nor sufficiently shown by the proofs.

Argued May 2, 1923. Appeal, No. 21, Jan. T., 1924, by defendants, from judgment of C. P. No. 5, Phila. Co., June T., 1920, No. 2338, on verdict for plaintiffs, in case of Frank D. Steinmetz et al. v. Stanley B. Smullen et al.,

trading as Smullen & Barry.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.  Affirmed.

Assumpsit for moneys alleged to have been had and received for plaintiffs.  Before REED, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $4,922.10.  Defendants appealed.

*Errors assigned* were various instructions, quoting record.

*Paul Reilly,* for appellants.

*Shippen Lewis,* of *MacCoy, Evans, Hutchinson & Lewis,* for appellees, was not heard.

PER CURIAM, May 23, 1923:

Plaintiffs sued to recover what they alleged to be an undisclosed profit made by defendants, who acted as their agents in the sale of certain real estate; they also asked refund of a commission paid defendants, on the ground that the right thereto had been forfeited by the latter's unfaithfulness as agents.  The defense interposed was that, although defendants had been employed as agents to sell the premises in question, plaintiffs subsequently "agreed orally to sell......to defendants......and defendants agreed orally to purchase said property for $35,000 in cash"; that this arrangement between the, parties was entered into after full disclosures on the part of defendants that, if they took the property, it would be for the purpose of resale on their own account.  The issues thus raised were fairly submitted to the jury and found against defendants, who now say the agreement was, not that they should really buy the property, but that plaintiff would be satisfied with the price or sum of

1923.]                    Opinion of the Court.

$35,000 less 3%, defendants to retain all they might make over the amount named; and that, acting on this agreement, they disposed of the premises, taking certain other real estate in exchange, the contemporaneous sale of which realized the profit now claimed by plaintiffs. Defendants complain that the trial court erred in not submitting this defense to the jury. After examining the pleadings and the testimony, we agree with the court below that the issue just referred to was not raised by the first, nor shown sufficiently by the second, to warrant its submission to the jury. We find no reversible error.

The judgment is affirmed.